UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Marco M.,[1]

        Petitioner,

v.

Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, David Easterwood, and Ryan Shea,

        Respondents.

Case No. 25-CV-4816 (MJD/JFD)

ORDER ADOPTING REPORT AND RECOMMENDATION

---

This matter is before the Court on the Report and Recommendation issued on January 20, 2026 (Doc. 8.)  Both parties have filed objections.  Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b).  Based upon that review, the Court adopts the Report and Recommendation of Magistrate Judge Docherty with modification.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

I.      OBJECTIONS

   A. Respondents' Objection

Respondents argue the R&R did not address any of the authority they cited holding that Petitioner is subject to mandatory detention under § 1225(b)(2) and that the R&R instead reasons that the petition should be granted because it seems likely that this Court will not agree with the government's arguments. (Doc. 9 at 2 (citations omitted).)  They request de novo review of the R&R's interpretation of § 1225 and § 1226, particularly in light of the authority cited in their response brief (Doc. 5).

As stated above, the Court has conducted a de novo review on the record and now concludes first that contrary to Respondents' argument, by citing the Court's reasoning in Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1, *3 (D. Minn. Dec. 23, 2025), the R&R addressed Respondents' § 1225(b)(2) vs. § 1226(a) arguments.  Neither the R&R nor this Order are required to formally address on the record every case cited by a party, and failure to cite certain cases does not mean that arguments were not considered.  Second, the Court acknowledges the growing number of "minority view" opinions on this issue but still overrules Respondent's objection.

B. **Petitioner's Objection**

Petitioner agrees with the recommended holding of the R&R, but argues that immediate release rather than a bond hearing is the proper remedy. He asserts that the grant of a hearing is no remedy at all because the Executive Office of Immigration Review is now stating "that its immigration judges cannot conduct a 8 U.S.C. § 1226 bond hearing, despite a federal court order, because the condition of warrant of arrest is not proven." (Doc. 10 at 1 (emphasis added).) In immigration court, Respondents have refused to confirm the existence of a warrant, "thwarting any attempt to let the 8 U.S.C. § 1226 proceeding proceed." (Id.)

Petitioner calls this tactic "a new twist in Respondents' effort to impede the possible liberation of Petitioner and others like him." (Id. at 1-2 (noting that Matter of A-W-, 25 I&N Dec. 45 (BIA 2009), relied on by immigration courts to support this decision, does not address the conditions of a § 1226 bond hearing).)

The Court finds these allegations disturbing. There has been an undeniable move by the Government in the past month to defy court orders or at least to stretch the legal process to the breaking point in an attempt to deny noncitizens their due process rights. Matter of A-W- does not address the

3

situation currently before this Court and therefore does not justify denying court-ordered bond hearings. The Catch-22 created by arresting and detaining individuals without a warrant, then making them obtain court orders to vindicate their due process rights, only to deny them the due process they are owed based on a problem of the Government's own making cannot be condoned.[2] With the evidence currently before the Court, it can only conclude that Respondents are attempting to "undermin[e] the regulatory and statutory authority of the immigration courts to coerce perpetual, infinite detention." (Doc. 10 at 1.) The objection is sustained. The R&R will be modified accordingly.

## II.    ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the Court **ADOPTS with modification** the Report and Recommendation of United States Magistrate Judge John F. Docherty filed January 21, 2026. **[Doc. 8.]** Petitioner's first petition for writ of habeas corpus **[Doc. 1]** is **GRANTED.**

---

[2] The Government was given the opportunity to produce a warrant. (Doc. 3 (Order to Show Cause) ¶ 2(a) (ordering Respondents to produce "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition").) No warrant was produced.

1. Respondents must immediately release Petitioner from detention into Minnesota;

2. Petitioner shall be released on his own recognizance; and

3. Respondents are required to confirm Petitioner's release from custody within forty-eight (48) hours from the date of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 25, 2026                                s/Michael J. Davis
                                                                              Michael J. Davis
                                                                              United States District Court